No. 98,136

STATE OF KANSAS, *Appellee*, v. KEVIN J. LABELLE, *Appellant*.

(231 P.3d 1065)

Opinion filed May 28, 2010.

*Rachel L. Pickering,* of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Julie A. Koon,* assistant district attorney, argued the cause, and *Nola Tedesco Foulston,* district attorney, *Steve Six,* attorney general, and *Paul J. Morrison,* former attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

NUSS, J.: Kevin J. LaBelle appeals the Court of Appeals' affirmation of the district court's denial of his motion to correct an illegal sentence. We granted LaBelle's petition for review; our jurisdiction is under K.S.A. 20-3018(b).

The issues on appeal, and our accompanying holdings, are as follows:

1. Did the district court err in classifying LaBelle as a persistent sex offender and in ultimately doubling his sentence pursuant to K.S.A. 21-4704? Yes.
2. Did the district court violate LaBelle's Sixth Amendment rights under the United States Constitution by sentencing him to the aggravated term in the sentencing grid block without submitting the facts to a jury for proof beyond a reasonable doubt? No.

Accordingly, we vacate LaBelle's sentence and remand for re-sentencing.

## FACTS

Pursuant to a plea agreement, in 2005 Kevin J. LaBelle pled guilty to one count of sexual exploitation of a child, a severity level 5 person offense under K.S.A. 21-3516(a)(2). The agreement permitted the State to ask the court to double LaBelle's sentence under K.S.A. 21-4704(j), the persistent sex offender statute.

The original presentence investigation report (PSI) scored LaBelle's criminal history as "A" and showed 122-130-136 months

as the presumptive sentencing range for his current crime of conviction. For reasons unclear in the record, the presentence investigator prepared and filed an amended PSI the day after filing the original.

The criminal history score in both the original and amended PSI was based, in part, upon LaBelle's prior adult conviction for indecent liberties with a child in 91 CR 1043. The original PSI also included in its criminal history score LaBelle's prior juvenile adjudication for indecent liberties with a child in 88 JV 1252. But the amended PSI then deleted that adjudication from the criminal history computation, lowering LaBelle's criminal history score to "B." The amended PSI also showed 228-240-256 months as the presumptive sentencing range for a severity level 5, criminal history "B" grid block, which is double that grid block's presumptive range. The amended PSI does not explain why the presumptive sentencing range is doubled. While doubling would be authorized for a persistent sex offender, the district court had not yet classified LaBelle as one.

At LaBelle's later sentencing hearing, the district court judge stated, "The [amended] presentence investigation in this matter would indicate that the defendant is a Criminal History B and also meets the requirements of a persistent sex offender under the statute." While the amended PSI never explicitly states that LaBelle is a persistent sex offender, the judge presumably derived this classification from the PSI's doubling of the presumptive sentencing range. When asked by the court, both counsel agreed that the criminal history score and persistent sex offender classification were correct. The court then formally classified LaBelle as a persistent sex offender but did not specify which prior sexually violent crime, 88 JV 1252 or 91 CR 1043, supported this finding. Ultimately, the court sentenced LaBelle to 256 months' imprisonment, i.e., double the aggravated term of 128 months in the presumptive sentencing range for his grid block.

LaBelle filed a pro se motion to correct an illegal sentence under K.S.A. 22-3504. His argument assumed the district court used 91 CR 1043 to classify him as a persistent sex offender. He therefore challenged the use of 91 CR 1043 to also increase his criminal

history score. The district court judge overruled LaBelle's motion, writing in the motion minutes sheet: "Defendant sentenced as a persistent sex offender. No constitutional issue of upward departure is at issue." There was no further mention of this issue.

LaBelle then filed a pro se motion to alter or amend judgment. He claimed the district court's order overruling the motion to correct an illegal sentence lacked specific findings and contained inadequate conclusions. He reasserted his claim that the dual use of 91 CR 1043 was improper. The State responded that there was no dual use because the court had classified LaBelle as a persistent sex offender using his 88 JV 1252 adjudication and not his 91 CR 1043 conviction. In a motion minutes sheet, the court overruled LaBelle's motion by writing: "Abuse of remedy. Court has already ruled on the issues." The Court of Appeals affirmed. *State v. LaBelle*, 2008 WL 3915985, at *1-2 (2008).

More facts will be added as necessary to the analysis.

### ANALYSIS

Issue 1: *The district court erred in classifying LaBelle as a persistent sex offender and in ultimately doubling his sentence.*

LaBelle claims that under K.S.A. 22-3504 he received an illegal sentence because the district court improperly classified him as a persistent sex offender. Our standard of review is as follows:

"The question of whether a sentence is illegal is a question of law over which this court has unlimited review. An illegal sentence is a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in character or the term of the punishment authorized, or a sentence which is ambiguous with regard to the time and manner in which it is to be served." *Deal v. State*, 286 Kan. 528, Syl. ¶ 1, 186 P.3d 735 (2008).

Accord *State v. Ballard*, 289 Kan. 1000, Syl. ¶ 11, 218 P.3d 432 (2009).

As a threshold matter, the State claims that LaBelle stipulated to his criminal history score at sentencing and cannot complain about the score on appeal. It cites *State v. McBride*, 23 Kan. App. 2d 302, 304, 930 P.2d 618 (1996). There, the defendant stipulated to the criminal history worksheet at sentencing. After pronouncement of sentence, he filed a motion to correct clerical and arith-

metic errors, claiming a prior juvenile conviction was a nonresidential burglary and not a residential one. The district court denied the motion and the defendant appealed, but the Court of Appeals found his appeal untimely. After noting that "a sentence can no longer be modified after its pronouncement," the court rejected defendant's claim that his motion to correct clerical and arithmetic errors effectively was a motion to correct an illegal sentence, which can be raised at any time. 23 Kan. App. 2d at 304. The court opined that defendant invited the error by stipulating to the criminal history score and could not complain or take advantage of such error on appeal.

We disagree with the State. Unlike McBride, LaBelle does not dispute the accuracy of the amended PSI. More specifically, he does not challenge the amended PSI's computation of his criminal history. Rather, he appeals the district court's particular use of his prior crimes when classifying him as a persistent sex offender.

We recognize that LaBelle's attorney acknowledged at sentencing that the amended PSI provided a criminal history score of "B" and that LaBelle met the requirements of a persistent sex offender. We further recognize that a "litigant may not invite and lead a trial court into error and then complain of the trial court's action on appeal." *State v. Kirtdoll*, 281 Kan. 1138, Syl. ¶ 8, 136 P.3d 417 (2006). But this rule does not preclude LaBelle's motion to correct an illegal sentence. As fully discussed below, LaBelle does qualify as a persistent sex offender, and his attorney's statement at sentencing did not invite the error. Simply put, his admission did not anticipate the grounds upon which the district court would classify—and sentence—him as a persistent sex offender, which is the basis for his appeal. Finally, there is no dispute that LaBelle timely filed his motion to correct an illegal sentence, and we do not face a jurisdictional dilemma similar to *McBride*. See K.S.A. 22-3504(1) ("The court may correct an illegal sentence at any time.").

Having rejected the State's threshold argument, we now turn to the merits. The amended PSI computed LaBelle's criminal history as "B" by using his six prior adult convictions, including 91 CR 1043. LaBelle's prior juvenile adjudications, including 88 JV 1252, were listed but not used in the history computation.

K.S.A. 21-4704(j) requires courts to double the sentence of persistent sex offenders. The statute defines "persistent sex offender" as a person who:

"(A) (i) Has been convicted in this state of a sexually violent crime, as defined in K.S.A. 22-3717 and amendments thereto; and (ii) at the time of the conviction under (A) (i) has at least one conviction for a sexually violent crime, as defined in K.S.A. 22-3717 and amendments thereto in this state or comparable felony under the laws of another state, the federal government or a foreign government . . . ."

LaBelle pleaded guilty in the instant case to sexual exploitation of a child, which is a sexually violent crime as defined in K.S.A. 22-3717(d)(2)(H). To qualify as a persistent sex offender, LaBelle therefore must have at least one prior conviction for a sexually violent crime.

LaBelle's prior criminal determinations in 91 CR 1043 and 88 JV 1252 were both for indecent liberties with a child, in violation of K.S.A. 21-3503. Of his numerous prior crimes, these are the only ones that qualify as "sexually violent crimes." See K.S.A. 22-3717(d)(2)(B) ("sexually violent crime" includes indecent liberties with a child in violation of K.S.A. 21-3503). We recognize that either of these prior criminal determinations, when combined with LaBelle's guilty plea in the present matter, could potentially satisfy the conditions for his classification as a "persistent sex offender" under K.S.A. 21-4704(j). However, our inquiry does not end here. Because the record is unclear whether the district court classified LaBelle as a persistent sex offender based upon 91 CR 1043 or instead upon 88 JV 1252, we address each in turn to determine if either could have been properly used.

### 91 CR 1043

LaBelle contends that he received an illegal sentence because the court cannot use 91 CR 1043 both to calculate his criminal history score and to classify him as a persistent sex offender. We agree such a dual use is prohibited.

K.S.A. 21-4710(d)(11) is the relevant statute and provides:

"*Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level or applicable penalties*, elevate the classification from misdemeanor to felony, or are elements of the present

crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored." (Emphasis added.)

We interpreted this provision in conjunction with the persistent sex offender statute, K.S.A. 21-4704(j), in *State v. Zabrinas*, 271 Kan. 422, 24 P.3d 77 (2001). A jury convicted Zabrinas of sexual exploitation of a child. He had two prior convictions meeting the definition of "sexually violent crimes." The PSI used both to compute his criminal score as "B," and the district court adopted this computation. It also used one of these prior sexually violent crimes to classify Zabrinas as a persistent sex offender under K.S.A. 21-4704(j) and to double his sentence. We rejected the prior conviction's dual use, both in computing criminal history and in classifying Zabrinas as a persistent sex offender, stating:

"K.S.A. 21-4710(d)(11) plainly prevents, in determining criminal history, the counting of a prior conviction that was used to double the sentence under 21-4704(j). [I]f the legislature had intended to allow the double counting of the conviction, it could have placed language in the statute evidencing that intent as it did with predatory sex offenders. [Citation omitted.]" 271 Kan. at 443-44 (relying on *State v. Taylor*, 27 Kan. App. 2d 62, 998 P.2d 123 [2000]).

Consequently, we vacated Zabrinas' sentence. We remanded for a resentencing at which the sexually violent crime serving to double his sentence as a persistent sex offender was to be deleted from his criminal history score calculation. 271 Kan. at 444.

Similarly, in *State v. Moore*, 274 Kan. 639, 55 P.3d 903 (2002), Moore was convicted of aggravated indecent liberties with a child and kidnapping, both severity level three felonies. His criminal history score of "B" included his convictions for sexual exploitation of a child and indecent liberties with a child—his only prior "sexually violent crimes." The district court classified Moore as a persistent sex offender under K.S.A. 1997 Supp. 21-4704(j). But it failed to specify which of his two prior convictions for sexually violent crimes supported this finding. Citing *Zabrinas* and *Taylor*, we vacated Moore's sentences and remanded for resentencing because the "district court erred in failing to remove from Moore's criminal history score the sexually violent crime it [also] used to qualify Moore as a persistent sex offender under K.S.A. 1997 Supp. 21-4704(j)." 274 Kan. at 651.

In the instant case, the State concedes that 91 CR 1043 cannot be used to compute LaBelle's criminal history score and to classify him as a persistent sex offender. Instead, the State contends that the district court only used 91 CR 1043 to calculate LaBelle's criminal history score and used 88 JV 1252 to classify him as a persistent sex offender.

It is undisputed that the amended PSI included 91 CR 1043 to compute LaBelle's criminal history. But there are indications the court may also have used 91 CR 1043 to classify LaBelle as a persistent sex offender. For example, LaBelle's plea agreement permitted the State to

"ask that the defendant be sentenced to double to the top number in the appropriate grid box pursuant to K.S.A. 21-4704(j) the 'persistent sex offender' act, *as a result of his prior conviction in 91 CR 1043*." (Emphasis added.)

Unfortunately, the district court never articulated the specific basis for its persistent sex offender classification. Even after LaBelle filed his postsentencing motions claiming the district court improperly used 91 CR 1043 in its determination, the court's orders did not specify how it used the "sexually violent" prior crimes at sentencing. Because this adult conviction clearly was used in computing LaBelle's criminal history score, it cannot also be used to classify LaBelle as a persistent sex offender. See *Moore*, 274 Kan. at 651; *Zabrinas*, 271 Kan. at 443-44. Due to the lack of specificity at sentencing, we hold that the possible dual use of 91 CR 1043 results in reversible error.

### 88 JV 1252

Having established that the district court could not permissibly use 91 CR 1043 to classify LaBelle as a persistent sex offender because that conviction clearly was used in computing his criminal history score, we now turn to the possible use of the juvenile adjudication in its stead. Stated another way, was 88 JV 1252 properly used to classify LaBelle as a persistent sex offender?

As another threshold matter, the State claims that LaBelle is precluded from arguing against the use of 88 JV 1252 because he did not do so until after the Court of Appeals issued its opinion. It cites *State v. Pollman*, 286 Kan. 881, 190 P.3d 234 (2008). There,

we declined to address certain issues because they were not presented to the Court of Appeals. Here, the Court of Appeals considered both 91 CR 1043 and 88 JV 1252. They are properly before us for review. While we acknowledge the State is correct that LaBelle did not directly refute the use of 88 JV 1252 in the persistent sex offender classification until after the Court of Appeals' opinion, this is due to his understandable belief that 91 CR 1043 served as the district court's classification basis. The Court of Appeals' opinion apprised him of the alternative, and he filed a supplemental brief addressing this point. Through it all, Labelle's general claim of an illegal sentence has remained the same. He has consistently claimed his persistent sex offender classification was improperly determined at sentencing, and he appealed his resultant increased sentence. Therefore, this issue is before us for review.

Having rejected the State's threshold argument, we now turn to the merits. The State essentially argues that a juvenile adjudication is a terrible thing to waste and 88 JV 1252 could substitute for the twice-used 91 CR 1043 as the basis for classifying LaBelle as a persistent sex offender. The Court of Appeals agreed with this substitution, stating:

"We agree with LaBelle that because 91 CR 1043 was used to calculate his criminal history score, it could not be used to classify him as a persistent sex offender. However, because 88 JV 1252 was unscored and classified as a prior conviction for a sexually violent crime, *it could be used to classify LaBelle as a persistent sex offender.*" (Emphasis added.) *LaBelle*, 2008 WL 3915985, at *1-2.

We disagree. After the Court of Appeals issued its opinion and all briefs were filed in this case, we released our opinion in *State v. Boyer*, 289 Kan. 108, 209 P.3d 705 (2009). There, the district court classified the defendant as a persistent sex offender based upon a prior juvenile adjudication. We analyzed K.S.A. 21-4704(j), the persistent sex offender statute, in light of K.S.A. 21-4710, which defines "criminal history." We noted that the language for calculating criminal history in K.S.A. 21-4710 expressly included juvenile adjudications, whereas it was conspicuously absent in the language for determining persistent sex offenders in K.S.A.

21-4704(j). We reasoned that the legislature intentionally excluded this language from K.S.A. 21-4704(j). We stated:

"[T]here is no indication that the legislature intended the list of prior convictions set out in K.S.A. 21-4710(a) to apply to anything other than the determination of criminal history for the sentencing guidelines grid purposes . . . . *It does not say that the following types of prior convictions should be used for all purposes or even for the purpose of determining persistent sex offender status.* Rather, the reference is evidently limited to determining criminal history categories for the sentencing guidelines grids." (Emphasis added.) 289 Kan. at 115.

This distinction served as the basis for our holding in *Boyer* that "juvenile adjudications are not to be considered in the determination of persistent sex offender status under K.S.A. 21-4704(j)." 289 Kan. at 116. We thus conclude, in light of *Boyer*, that LaBelle's juvenile adjudication in 88 JV 1252 cannot serve as the basis for classifying him as a persistent sex offender.

Accordingly, while the district court's exact basis for classifying LaBelle as a persistent sex offender is unclear, our analysis has revealed that neither 91 CR 1043 nor 88 JV 1252 could have been properly used in this calculation. We acknowledge that courts are not required to specify at sentencing how particular convictions or adjudications are used. However, following *Zabrinas* in 2001 and *Boyer* in 2009, both of which establish use limits for determining persistent sex offender classifications, we hold that the preferred judicial practice is to put on the record the specific use for each conviction or adjudication, *e.g.*, when both classifying defendant as a persistent sex offender and calculating his or her criminal history score.

We recognize that at LaBelle's resentencing hearing he could potentially receive the same sentence as before. Specifically, during oral arguments both parties stated that by substituting 88 JV 1252 for 91 CR 1043 in LaBelle's criminal history, his criminal history score would remain "B." Assuming this to be true, this substitution would permit the district court to then use 91 CR 1043 to classify LaBelle as a persistent sex offender and to double the longest term in his presumptive grid block to 256 months' imprisonment—the exact sentence he received. Despite this possibility, or even probability, we cannot presently affirm LaBelle's sentence because on

remand the district court may make other findings and impose a different sentence. Moreover, our affirming on this basis would be akin to sentencing in absentia. See K.S.A. 22-3405(1) (defendant in felony case shall be present at imposition of sentence).

Consequently, we vacate LaBelle's sentence and remand to the district court for resentencing on Issue 1.

Issue 2: *The district court did not violate LaBelle's Sixth Amendment rights under the United States Constitution.*

LaBelle claims the district court violated his Sixth Amendment rights by sentencing him to the aggravated term in the grid block without submitting the aggravating factors to a jury for proof beyond a reasonable doubt. He relies upon *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *Cunningham v. California*, 549 U.S. 270, 166 L. Ed. 2d 856, 127 S. Ct. 856 (2007). The State responds by distinguishing the California sentencing guidelines at issue in *Cunningham* from the Kansas sentencing guidelines.

Construction of the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 *et seq.*, and determination of the constitutionality of its provisions are questions of law. *State v. Davis*, 275 Kan. 107, 124, 61 P.3d 701 (2003); *State v. Ivory*, 273 Kan. 44, 46, 41 P.3d 781 (2002).

LaBelle's claim ignores our resolution of this issue in *State v. Johnson*, 286 Kan, 824, 190 P.3d 207 (2008), which controls our result. There, we concluded that "K.S.A. 21-4704(e)(1) grants a judge discretion to sentence a criminal defendant to any term within the presumptive grid block, as determined by the conviction and the defendant's criminal history." 286 Kan. at 851. Thus, "under K.S.A. 21-4721(c)(1), this court is without jurisdiction to consider [defendant's] challenge to his presumptive sentences even if those sentences are to the longest term in the presumptive grid block for his convictions." 286 Kan. at 851-52; see *State v. Houston*, 289 Kan. 252, 278, 213 P.3d 728 (2009).

Judgment of the district court and the Court of Appeals is affirmed in part and reversed in part. LaBelle's sentence is vacated, and the case is remanded for resentencing.