NOT DESIGNATED FOR PUBLICATION

No. 113,376

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEVIN J. LABELLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed April 15, 2016. Vacated and remanded for resentencing.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS, J., and WALKER, S.J.

*Per Curiam*: Kevin J. Labelle appeals from the district court's denial of his motion to correct illegal sentence. Following the reasoning in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), we conclude that the district court should have classified Labelle's 1991 burglary as a nonperson felony when calculating his criminal history score. Following the reasoning of *State v. Martin*, 52 Kan. App. 2d ___, Syl. ¶¶ 7, 8, ___ P.3d ___ (No. 113,189, filed March 4, 2016), we also find that a *Dickey* claim may be brought in a motion to correct illegal sentence at any time. Accordingly, we vacate Labelle's sentence and remand this case to the district court for resentencing.

1

On April 29, 2005, Labelle pled guilty to one count of sexual exploitation of a child for conduct that occurred in December 2004. The plea agreement permitted the State to ask the district court to double Labelle's sentence under K.S.A. 21-4704(j) as a persistent sex offender. The original presentence investigation (PSI) report calculated Labelle's criminal history as category A based on 1 juvenile and 2 adult person felonies. But court services later prepared an amended PSI that calculated Labelle's criminal history as category B, based on 2 adult person felonies, 3 nonperson felonies, and one nonperson misdemeanor.

The adult felonies classified as person offenses in the amended PSI both occurred before Kansas Sentencing Guidelines (KSGA) became effective on July 1, 1993. See K.S.A. 21-4701 *et seq.*; L. 1992, ch. 239, § 1 (effective July 1, 1993). The first was a 1991 conviction for "Burglary (Dwelling)"and the second was a 1991 conviction for indecent liberties with a child December 20, 1991. The district court did not score Labelle's 1988 juvenile adjudication for indecent liberties with a child in the criminal history calculation because it used the juvenile adjudication to enhance Labelle's sentence as a persistent sex offender.

When asked by the district court at the sentencing hearing, counsel agreed that Labelle's criminal history score and persistent sex offender classification were correct as set forth in the amended PSI. Accordingly, on June 10, 2005, the district court sentenced Labelle to 256 months' imprisonment as a persistent sex offender. It does not appear that Labelle filed a direct appeal.

On October 17, 2006, Labelle filed a pro se motion to correct illegal sentence, arguing that the district court had improperly used a prior conviction to double his sentence in violation of K.S.A. 21-4710(d)(11) and his constitutional guarantees under

the Sixth and Fourteenth Amendments to the United States Constitution. After the district court denied the motion, Labelle filed a motion to alter or amend the judgment and an amended motion to alter or amend judgment. The district court also denied both of these motions, and Labelle appealed.

A panel of this court affirmed the district court's denial of Labelle's motion. *State v. LaBelle*, No. 98,136, 2008 WL 3915985 at *1-2 (Kan. App. 2008) (unpublished opinion). But on May 28, 2010, the Kansas Supreme Court vacated Labelle's sentence and remanded for resentencing. *State v. LaBelle*, 290 Kan. 529, Syl. ¶ 5, 231 P.3d 1065 (2010). On remand, the district court again sentenced Labelle to 256 months' imprisonment, this time explaining that it was scoring his juvenile conviction for aggravated sexual battery as a person felony in calculating his criminal history score, which kept his criminal history score at B, and was using his adult conviction for indecent liberties with a child to determine him to be a persistent sex offender.

More than 3 years later on May 29, 2014, Labelle filed a second motion to correct illegal sentence, arguing that he should be resentenced pursuant to *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015). Moreover, on October 23, 2014, he filed a third motion to correct illegal sentence pursuant to this court's opinion in *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015). On December 15, 2014, the district court summarily denied Labelle's motions. Thereafter, Labelle timely filed a notice of appeal.

ANALYSIS

On appeal, Labelle initially contends that the district court erred in denying his motions to correct illegal sentence. Labelle argues that his sentence is illegal because the district court miscalculated his criminal history score. Specifically, he claims that his

3

1991 in-state burglary conviction must be scored as a nonperson felony for criminal history purposes given the statutory elements of the offense and the dictates of *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *Dickey*, 301 Kan. at 1021. We agree.

Whether a sentence is illegal is a question of law over which this court has unlimited review. See *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). Under K.S.A. 22-3504, an illegal sentence is:

> "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. [Citations omitted.]'" 301 Kan. at 551.

In *Dickey*, the defendant pled guilty to felony theft, and his PSI listed a 1992 juvenile adjudication for burglary that the district court scored as a person felony. At sentencing, the defendant did not object to his criminal history score as reflected in the PSI report. On appeal, the defendant challenged for the first time the classification of his 1992 burglary adjudication as a person felony, arguing that it violated his Sixth Amendment rights as articulated by the United States Supreme Court in *Apprendi* and *Descamps*. Our Supreme Court concluded that the defendant was not barred from challenging the classification of his burglary adjudication as a person felony because it held that a stipulation or lack of an objection regarding how a prior conviction or adjudication should be classified in determining a defendant's criminal history score does not prevent a subsequent challenge under K.S.A. 22-3504(1). 301 Kan. at 1032.

Furthermore, applying *Apprendi* and *Descamps*, the *Dickey* court determined that the burglary statute in effect when the defendant committed his prior burglary did not

4

require evidence showing that the burglarized structure was a dwelling. 301 Kan. at 1039. Our Supreme Court explained that because the burglary statute did not contain a dwelling element, determining whether the defendant's burglary involved a dwelling at the criminal history stage "would necessarily involve judicial factfinding that goes beyond merely finding the existence of a prior conviction or the statutory elements constituting that prior conviction." 301 Kan. at 1021. Thus, it concluded that "classifying [the defendant's] prior burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi*." *Dickey*, 301 Kan. at 1021.

Applying the same reasoning as used in *Dickey*, we conclude that scoring Labelle's 1991 in-state conviction for burglary as a person felony violates his constitutional rights. Nevertheless, the State maintains that Labelle has abandoned the issues raised in his motions to correct illegal sentence because he did not assert the issue regarding the 1991 burglary conviction on direct appeal. Moreover, the State contends that we should not retroactively apply *Dickey*. Both of these issues, however, were addressed recently by this court in *Martin*, and we find its rationale persuasive.

As indicated above, the *Martin* decision held that a constitutional violation under *Dickey* may be brought in a motion to correct illegal sentence even when the time for direct appeal has passed and the defendant's sentence is final. 52 Kan. App. 2d __, Syl. ¶¶ 7, 8. Moreover, the court found in *Martin* that applying the doctrine of res judicata to bar challenges of an illegal sentence merely because they could have been brought in a direct appeal would undermine the clear legislative directive in K.S.A. 22-3504(1). 52 Kan. App. 2d ___, Syl. ¶ 5.

We, therefore, vacate Labelle's sentence and remand this case to the district court for resentencing consistent with *Dickey*.

5