NOT DESIGNATED FOR PUBLICATION

Nos. 112,515
113,437
113,672

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LESTER L. JACOBS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; GREGORY L. WALLER, judge. Opinion filed October 7, 2016. Affirmed.

*Michael P. Whalen* and *Krystle Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MCANANY and STANDRIDGE, JJ.

*Per Curiam*: Lester L. Jacobs appeals from the district court's decision to deny his motions for postconviction relief. First, Jacobs argues the court erred by denying his motion to void judgment under K.S.A. 22-3503 based on an allegedly defective complaint. Second, Jacobs argues the court erred in denying his motions to correct an illegal sentence, claiming the sentencing court incorrectly classified his pre-1993 out-of-

1

state convictions as person felonies. Finding no error, we affirm the decision of the district court.

FACTS

In 2012, a jury convicted Jacobs of an offender registration violation. The district court sentenced Jacobs to 120 months in prison with a 24-month postrelease supervision term. This court affirmed Jacobs' conviction on direct appeal. See *State v. Jacobs*, No. 108,135, 2013 WL 5303523 (Kan. App. 2013) (unpublished opinion), *rev. denied* 299 Kan. 1272 (2014).

On July 7, 2014, Jacobs filed a motion to correct an illegal sentence. In the motion, Jacobs alleged the charging document in his case was defective because it omitted an essential element of the crime, thereby depriving the district court of jurisdiction to convict him.

On July 10, 2014, Jacobs filed a second pro se motion to correct an illegal sentence. In this motion, he alleged that his 1987 Arkansas robbery conviction should have been classified as a nonperson offense under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016).

On July 14, 2014, Jacobs filed a pro se motion to void judgment, reasserting his claim that the complaint was fatally defective. Citing K.S.A. 22-3503 and *State v. Portillo*, 294 Kan. 242, 274 P.3d 640 (2012), Jacobs argued that the district court was authorized to void his conviction *sua sponte*—on its own motion—based on defects in the charging document.

The district court denied Jacobs' motions. The court held that Jacobs' sentence was not illegal and that his motion constituted an impermissible collateral attack of his conviction. The court also held that Jacobs was barred by the doctrine of res judicata from claiming the charging document in his case was defective because such a claim should have been raised on direct appeal. Jacobs filed a motion asking the court to reconsider its decision to deny his motion to void judgment based on a defective complaint, and the district court denied that motion as well.

In September 2014, Jacobs filed another motion to correct an illegal sentence, arguing that he had three pre-1993 out-of-state convictions that should have been classified as nonperson felonies under *Murdock*. The district court denied the motion, finding that *Murdock* did not afford Jacobs relief.

ANALYSIS

On appeal, Jacobs claims the district court erred by (1) denying his motion to void judgment under K.S.A. 22-3503 based on an allegedly defective complaint and (2) denying his motions to correct an illegal sentence based on incorrect classification of his pre-1993 out-of-state convictions as person felonies. We address each of these two claims in turn.

1. *Motion to void judgment*

Jacobs contends the district court erred in summarily dismissing his postconviction motion. The court did not hold an evidentiary hearing on the motion, so we are in as good a position to decide Jacobs' motion as the district court. See *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014) (reviewing de novo district court's denial of K.S.A. 60-1507 motion based only on the motions, files, and records after preliminary hearing because appellate court is in just as good of a position as district court to consider merits).

3

Jacobs' motion was filed under K.S.A. 22-3503, which states that a district court can arrest, or refuse to enforce, judgment because of a defect apparent from the record without a motion whenever the court becomes aware of reasons that would require it to do so. K.S.A. 22-3503 does not, however, provide a procedural mechanism for a criminal defendant to challenge the adequacy of a charging document on a motion filed in the district court after a direct appeal has been decided. *State v. Sellers*, 301 Kan. 540, 547, 344 P.3d 950 (2015) ("K.S.A. 22-3503 is not a procedural vehicle that supports a defense motion for arrest of judgment long after a direct appeal has been pursued and decided. It is meant to permit a district judge to arrest judgment *sua sponte* before a direct appeal is taken.").

Jacobs acknowledges the holding in *Sellers* but argues that its ruling is contrary to the general proposition that the issue of subject matter jurisdiction can be raised at any time. This argument is based on his contention that the charging document omitted an essential element of the crime, which in turn deprived the district court of jurisdiction to convict him. Contrary to the argument presented by Jacobs, however, our Supreme Court recently held that charging documents do not confer subject matter jurisdiction; rather, the Kansas Constitution does. *State v. Dunn*, 304 Kan. 773, Syl. ¶ 1, 375 P.3d 332 (2016). Absent some indication that our Supreme Court is departing from its position in *Sellers*, this court is duty bound to follow Kansas Supreme Court precedent. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015). Applying the holding in *Sellers*, Jacobs' defective complaint claim is not properly raised under K.S.A. 22-3503. As such, we find the district court did not err in summarily dismissing Jacobs' motion to void judgment.

2. *Motions to correct illegal sentence*

Under K.S.A. 22-3504, a court may correct an illegal sentence at any time. The Kansas Supreme Court has strictly defined what constitutes an illegal sentence; a

4

sentence is illegal only if it fits within one of three categories: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provision, either in the character or term of the authorized punishment; or (3) it is ambiguous about the time or manner in which it is to be served. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016); *State v. Donaldson*, 302 Kan. 731, 733-34, 355 P.3d 689 (2015); *Makthepharak v. State*, 298 Kan. 573, 578, 314 P.3d 876 (2013). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which an appellate court has unlimited review. *State v. LaBelle*, 290 Kan. 529, 532, 231 P.3d 1065 (2010).

Jacobs' claim falls squarely under the second category set forth above because he claims his sentence does not conform to our statutory sentencing guidelines. Specifically, Jacobs relies on the Supreme Court's decision in *Murdock* to argue that the sentencing court incorrectly classified his pre-1993 out-of-state convictions as person felonies, which resulted in a higher criminal history score and, in turn, a longer sentence. Jacobs also relies on *Murdock* to argue that the retroactive application of House Bill 2053 violates the Ex Post Facto Clause of the United States Constitution.

In *Murdock*, the Kansas Supreme Court held that out-of-state crimes committed before the enactment of the Kansas Sentencing Guidelines Act (KSGA) in 1993 must be classified as nonperson offenses for criminal history purposes. 299 Kan. 312, Syl. ¶ 5. In *State v. Waggoner*, 51 Kan. App. 2d 144, 155-57, 343 P.3d 530, *rev. denied* 303 Kan. 1081 (2015), this court determined that *Murdock* did not apply to in-state convictions. But as Jacobs concedes, our Supreme Court expressly overruled *Murdock* while his motions to correct an illegal sentence were pending. See *Keel*, 302 Kan. 560, Syl. ¶ 9. In *Keel*, the Supreme Court held that when designating a pre-KSGA conviction as a person or nonperson crime in the criminal history, the court must consider how the crimes would have been classified based on the classification in effect for the comparable Kansas offense at the time the current crime of conviction was committed. 302 Kan. at 590. Because Jacobs is not entitled to relief on his claim of illegal sentence under the holding

in *Keel*, he asks us to find that *Keel* was wrongly decided. But we are duty bound to follow the Supreme Court's precedent when there is no indication that it is departing from its position. *Belone*, 51 Kan. App. 2d at 211.

Alternatively, Jacobs contends the retroactive application of House Bill 2053 violates the Ex Post Facto Clause. House Bill 2053 amended K.S.A. 2015 Supp. 21-6810, effective April 2, 2015. The statute now states: "Prior misdemeanors for offenses that were committed before July 1, 1993, shall be scored as a person or nonperson crime using a comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed." K.S.A. 2015 Supp. 21-6810(d)(5). The amended statute also instructs: "The amendments made to this section by this act are procedural in nature and shall be construed and applied retroactively." K.S.A. 2015 Supp. 21-6810(e).

Jacobs argues that the retroactive application of K.S.A. 2015 Supp. 21-6810, as amended, increases his sentence by altering the formula used to calculate the applicable sentencing range. He claims the statute in effect at the time of his offense, as interpreted by the Kansas Supreme Court in *Murdock*, required his pre-KSGA conviction to be classified as a nonperson offense. He concludes that the retroactive alteration of the method used to calculate the applicable sentencing range violates his rights under the Ex Post Facto Clause. But as discussed above, the Kansas Supreme Court overruled *Murdock* in *State v. Keel*. 302 Kan. 560, Syl. ¶ 9. And the holding in *Keel* was made irrespective of the amendments to the statute. Thus, our Supreme Court's holding in *Keel* provides us a basis to independently decide the issue without a need to retroactively apply the statute. 302 Kan. at 589; see *State v. Friesen*, No. 113,495, 2016 WL 1546178, at *2 (Kan. App. 2016) (unpublished opinion) (choosing not to respond to a similar argument because *Keel* applied, not House Bill 2053); *State v. Hammitt*, No. 113,489, 2016 WL 1079463, at *6 (Kan. App. 2016) ("We are able to independently decide the issue under *Keel* and do not need to retroactively apply [the statute]."), *petition for rev. filed* April 18,

2016. For all of these reasons, the district court did not err in denying Jacobs' motions to correct an illegal sentence.

Affirmed.