NOT DESIGNATED FOR PUBLICATION

No. 114,728

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERIC W. HARBACEK,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed October 14, 2016. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Daniel D. Gilligan*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., MCANANY and STANDRIDGE, JJ.


*Per Curiam*:  Eric Harbacek appeals from the district court's order denying his motion to correct an illegal sentence. Harbacek argues that pursuant to K.S.A. 2015 Supp. 22-3717(f), the district court lacked authority to order him to serve a new sentence while he was still serving time on old indeterminate sentences.


FACTS

In 2009, Harbacek was arrested and charged with driving under the influence (DUI) of alcohol in Reno County case No. 09 CR 737. At the time of his arrest, Harbacek

1

was on parole from indeterminate sentences stemming from his 1990 aggravated burglary conviction in case No. 90 CR 251 and his 1991 convictions for aggravated assault of a law enforcement officer, aggravated burglary, and aggravated assault in case No. 91 CR 268. See *State v. Harbacek*, No. 111,687, 2015 WL 3632321, at *1 (Kan. App. 2015) (unpublished opinion).

A jury ultimately convicted Harbacek of DUI, third or subsequent offense, in case No. 09 CR 737. The district court sentenced Harbacek to 6 months in jail with a postrelease supervision term of 12 months, to be served consecutive to his indeterminate prison sentences in case Nos. 90 CR 251 and 91 CR 268.

In 2015, Harbacek filed a motion to correct an illegal sentence. In the motion, he alleged that K.S.A. 2015 Supp. 22-3717(f) required his indeterminate sentences in case Nos. 90 CR 251 and 91 CR 268 be converted to determinate sentences and that he otherwise could not be ordered to serve his 6-month jail sentence in case No. 09 CR 737 until his indeterminate sentences were satisfied. After hearing argument from counsel, the district court denied Harbacek's motion, holding that the nature of Harbacek's complaint did not warrant a finding that his sentence was illegal. Harbacek timely appeals.

ANALYSIS

Harbacek argues the district court erred in denying his motion to correct an illegal sentence. Specifically, Harbacek claims that he was improperly ordered to serve his 6-month jail sentence in case No. 09 CR 737 before he had been released from his indeterminate sentences in case Nos. 90 CR 251 and 91 CR 268.

Under K.S.A. 22-3504, a court may correct an illegal sentence at any time. The Kansas Supreme Court has strictly defined what constitutes an illegal sentence; a sentence is illegal only if it fits within one of three categories: (1) it is imposed by a

2

court without jurisdiction; (2) it does not conform to the applicable statutory provision, either in the character or term of the authorized punishment; or (3) it is ambiguous about the time or manner in which it is to be served. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016); *State v. Donaldson*, 302 Kan. 731, 733-34, 355 P.3d 689 (2015); *Makthepharak v. State*, 298 Kan. 573, 578, 314 P.3d 876 (2013). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which an appellate court has unlimited review. *State v. LaBelle*, 290 Kan. 529, 532, 231 P.3d 1065 (2010).

As support for his claim of an illegal sentence, Harbacek relies on K.S.A. 2015 Supp. 22-3717(f). K.S.A. 2015 Supp. 22-3717(f) applies when the sentencing court imposes a new sentence under the post-1993 sentencing guidelines to a defendant who is still subject to a pre-1993 indeterminate sentence:

> "If a person is sentenced to prison for a crime committed on or after July 1, 1993, while on probation, parole, conditional release or in a community corrections program, for a crime committed prior to July 1, 1993, and the person is not eligible for retroactive application of the sentencing guidelines and amendments thereto pursuant to K.S.A. 21-4724, prior to its repeal, the new sentence shall not be aggregated with the old sentence, but shall begin when the person is paroled or reaches the conditional release date on the old sentence. If the offender was past the offender's conditional release date at the time the new offense was committed, the new sentence shall not be aggregated with the old sentence but shall begin when the person is ordered released by the prisoner review board or reaches the maximum sentence expiration date on the old sentence, whichever is earlier. The new sentence shall then be served as otherwise provided by law. The period of postrelease supervision shall be based on the new sentence, except that those offenders whose old sentence is a term of imprisonment for life, imposed pursuant to K.S.A. 1993 Supp. 21-4628, prior to its repeal, or an indeterminate sentence with a maximum term of life imprisonment, for which there is no conditional release or maximum sentence expiration date, shall remain on postrelease supervision for life or until discharged from supervision by the prisoner review board." K.S.A. 2015 Supp. 22-3717(f).

Harbacek argues this statutory provision effectively divested the district court of any power it had to order him to serve the new sentence in case No. 09 CR 737 because he had not been released by the prisoner review board or reached the maximum release date on his indeterminate sentences.

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

The language of the statute here is both clear and unambiguous. When a person is sentenced for a crime committed on or after July 1, 1993, while on parole for a crime committed prior to July 1, 1993, K.S.A. 2015 Supp. 22-3717(f) provides that a new sentence begins "when the person is paroled or reaches the conditional release date on the old sentence." The record on appeal in this case contains no official documents relating to Harbacek's indeterminate sentences in case Nos. 90 CR 251 and 91 CR 268. According to Harbacek's motion to correct an illegal sentence, however, his conviction in case No. 09 CR 737 resulted in the revocation of his conditional release from his indeterminate sentences, and he thereafter served an additional 2 1/2 years in prison on these sentences. On July 31, 2015, Harbacek was paroled from his indeterminate sentences and he began serving his jail sentence in case No. 09 CR 737. Based on the record before us, Harbacek began serving his new sentence exactly as intended by K.S.A. 2015 Supp. 22-3717(f)— when he was paroled on his old sentences.

4

Harbacek has not established that his sentence (1) was imposed by a court without jurisdiction; (2) does not conform to the statutory provision, either in the character or the term of the punishment authorized; or (3) is ambiguous with respect to the time and manner in which it is to be served. As a result, the district court did not err in denying Harbacek's motion to correct an illegal sentence.

Affirmed.