NOT DESIGNATED FOR PUBLICATION

No. 120,799

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DORIE JEAN DUNHAM,
*Appellant.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; JASON GEIER, judge. Opinion filed November 22, 2019. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Dorie Jean Dunham appeals from the sentence imposed by the district court. Finding we lack jurisdiction, we dismiss this sentencing appeal.

In December 2018, the State charged Dunham with one count of domestic battery. Dunham agreed to pled no contest to this charge, with the understanding that she would be sentenced to 4 months in jail and that the sentence would be suspended to 12 months of supervised probation. The district court imposed the sentence contemplated in the plea agreement, and Dunham timely appeals.

Dunham received permission to submit her case to us under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). In her motion for summary disposition of a sentencing

1

appeal, Dunham acknowledges that she pled no contest and that she received a presumptive sentence. Given these facts, Dunham suggests that summary disposition is appropriate.

We are unable to review a sentence which falls within the presumptive range for a crime or which is the result of a plea. K.S.A. 2018 Supp. 21-6820(c)(1) and (2). Dunham received a presumptive sentence after she pled no contest. The right to appeal is entirely statutory and is not a right contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner prescribed by the applicable statutes. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (206). In the absence of an exception to our jurisdictional limits, Dunham's sentencing appeal under Supreme Court Rule 7.041A is dismissed for lack of jurisdiction. See *State v. LaBelle*, 290 Kan. 529, 539, 231 P.3d 1065 (2010); *State v. Cooper*, 54 Kan. App. 25, 28, 394 P.3d 1194 (2017).

Appeal dismissed.