No. 104,099

STATE OF KANSAS, *Appellee*, v. RAFAEL L. FLORES, *Appellant.*

(252 P.3d 570)

Opinion filed June 3, 2011.

*Louis A. Podrebarac*, of Meade, was on the brief for appellant.

*Natalie K. Randall*, assistant county attorney, *Terry J. Malone*, county attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MORITZ, J.: Rafael Flores appeals the district court's denial of his motion to withdraw his no contest plea after sentencing. Finding no error, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

After being certified to be tried as an adult, Flores was charged with one count of premeditated first-degree murder, with an alternative count of felony murder; two counts of attempted first-degree murder; one count of criminal damage to property; and one

count of criminal possession of a firearm by a juvenile. Flores pled no contest to and was convicted of one count of first-degree felony murder and one count of attempted voluntary manslaughter. The district court imposed consecutive sentences of life imprisonment for the felony-murder conviction and 34 months' imprisonment for the attempted voluntary manslaughter conviction.

On direct appeal to this court, Flores argued the district court abused its discretion in sentencing him consecutively. This court dismissed the appeal for lack of jurisdiction. *State v. Flores*, 268 Kan. 657, 660, 999 P.2d 919 (2000) (*Flores I*).

In 2004, Flores filed a pro se motion to correct an illegal sentence pursuant to K.S.A. 22-3504. Flores argued that a "provision of the Juvenile Offenders Code in effect at the time of the shooting, K.S.A. 38-1636(i) (Furse 1993), precluded the imposition of an adult sentence because the attempted voluntary manslaughter conviction was a lesser included offense of the originally charged crime of attempted first-degree murder." *State v. Flores*, 283 Kan. 380, 381, 153 P.3d 506 (2007) (*Flores II*). This court affirmed the district court's denial of Flores' motion to correct an illegal sentence. *Flores II*, 283 Kan. at 388.

In 2009, Flores moved to withdraw his plea pursuant to K.S.A. 2009 Supp. 22-3210(d), arguing the district court lacked subject matter jurisdiction because felony murder with an underlying felony of attempted voluntary manslaughter is not a crime. In the alternative, he claimed his trial counsel was ineffective for failing to file a motion to arrest judgment.

Flores now appeals the district court's denial of his motion to withdraw his plea. We have jurisdiction over this appeal under K.S.A. 22-3601(b)(1) (off-grid crime; life sentence). See *State v. Kelly*, 291 Kan. 563, 244 P.3d 639 (2010).

## ANALYSIS

Following sentencing, the district court may set aside the judgment of conviction and permit the defendant to withdraw the plea in order to correct manifest injustice. K.S.A. 2009 Supp. 22-3210(d)(2). Absent an abuse of discretion, we will not disturb a trial court's denial of a motion to withdraw plea after sentencing.

*State v. Woodward,* 288 Kan. 297, 299, 202 P.3d 15 (2009). A district court abuses its discretion if its action is arbitrary, fanciful, or unreasonable. A trial court does not abuse its discretion if reasonable persons could differ as to the propriety of the court's action. *State v. Gant,* 288 Kan. 76, 81-82, 201 P.3d 673 (2009).

Further, in determining whether the district court abused its discretion, we must consider whether its ruling was based upon a correct understanding of the law. *State v. Edgar,* 281 Kan. 30, 38, 127 P.3d 986 (2006); see also *State v. Gonzalez,* 290 Kan. 747, 756, 234 P.3d 1 (2010) (abuse of discretion review includes consideration of whether the lower court correctly understood and applied controlling legal standards).

Flores concedes he received a "beneficial plea agreement" but nevertheless contends he pled to a nonexistent crime because K.S.A. 21-3436 (Furse 1995) does not include attempted voluntary manslaughter as an inherently dangerous felony.

On appeal, the State agrees "that the plea deal orchestrated by the [S]tate and defense . . . was not supported by the law." Nevertheless, the State urges this court to affirm the district court's rationale in denying the motion to withdraw the plea—namely, that a defendant may plead to a nonexistent crime if the defendant initially was brought into court on a valid complaint; received a beneficial plea agreement; and voluntarily, knowingly, and intelligently entered into the plea agreement. See *Spencer v. State,* 24 Kan. App. 2d 125, 129, 942 P.3d 646 (1997), *aff'd* 264 Kan. 4, 954 P.2d 1088 (1998); see also *Easterwood v. State,* 273 Kan. 361, Syl., 44 P.3d 1209, *cert. denied* 537 U.S. 951 (2002) (holding that defendant, who had opportunity to challenge felony-murder charge but knowingly waived that right and pled guilty to felony murder and other charges, was bound by plea agreement and was not entitled to collaterally attack his convictions); *McPherson v. State,* 38 Kan. App. 2d 276, 285, 163 P.3d 1257 (2007) (holding "[a]s long as due process requirements are met and the bargain is beneficial to the defendant, the defendant cannot later validly collaterally attack either the plea or the bargained-for sentence").

However, we need not address the district court's rationale as we have concluded that the charge to which Flores ultimately

pled—felony murder with an underlying felony of attempted voluntary manslaughter—*was* a crime under the circumstances presented here.

Flores ignores the specific language of K.S.A. 21-3401(b) (Furse 1995), which defines murder in the first degree as the killing of a human being committed "in the commission of, *attempt to commit*, or flight from *an inherently dangerous felony* as defined in K.S.A. 21-3436 and amendments thereto." (Emphasis added.) K.S.A. 21-3301(a) (Furse 1995) defined attempt as "any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime."

And while Flores correctly contends that K.S.A. 21-3436 (Furse 1995) does not include "attempted voluntary manslaughter" as an inherently dangerous felony, 21-3436(b) does define inherently dangerous felonies to include voluntary manslaughter "when such felony is so distinct from the homicide alleged to be a violation of subsection (b) of K.S.A. 21-3401 and amendments thereto as to not be an ingredient of the homicide alleged to be a violation of subsection (b) of K.S.A. 21-3401 and amendments thereto."

Thus, Flores could be charged with and plead no contest to felony murder with the underlying charge of attempted voluntary manslaughter as long as the underlying attempted voluntary manslaughter charge was so distinct from the homicide which was the subject of the felony murder charge as not to be an ingredient of the homicide alleged to be the felony murder. See *State v. Gayden*, 259 Kan. 69, 79, 910 P.2d 826 (1996) (holding that attempted voluntary manslaughter of one victim can be an independent underlying collateral felony supporting a conviction for felony murder of another victim).

Here, the amended information filed the day of the plea hearing specifically charged Flores with the felony murder of Justin Mercado based on the underlying felony of attempted voluntary manslaughter of John Moses. The transcript of the plea hearing demonstrates that Flores pled no contest to the amended information. Therefore, the underlying felony to which Flores pled was distinct from and not an ingredient of the homicide alleged to be the killing

under K.S.A. 21-3401(b), and we reject Flores' claim that he pled to a nonexistent crime.

Although the district court denied Flores' motion to withdraw his plea for a reason it need not have considered, it reached the correct result, and we uphold the denial of the motion. See *State v. Murray*, 285 Kan. 503, 533, 174 P.3d 407 (2008).

Affirmed.