No. 105,024

STATE OF KANSAS, *Appellee*, v. STAN SZCZYGIEL, *Appellant*.

(279 P.3d 700)

Opinion filed June 29, 2012.

*Stan Szczygiel*, appellant, was on the brief pro se.

*Sheryl L. Lidtke*, deputy district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MORITZ, J.: Stan Szczygiel, acting pro se, appeals the district court's denial of his motion to withdraw his plea and motion to correct illegal sentence. We have jurisdiction under K.S.A. 2011 Supp. 21-3601(b)(3) (maximum sentence of life imprisonment imposed). We affirm the district court's denial of both motions.

### FACTUAL AND PROCEDURAL BACKGROUND

Szczygiel was charged in 1980 with rape, burglary, and aggravated kidnapping with intent to commit rape. He pleaded guilty to an amended charge of kidnapping with the intent to facilitate flight and was sentenced to a term of 5 years to life in prison.

Szczygiel signed a petition to enter a plea of guilty which indicated as the "terms" of the agreement: "Reduce charges to kid-

napping K.S.A. 21-3420." In the petition, Szczygiel verified that he entered the plea knowingly and understandingly and without threats or promises.

While Szczygiel failed to include a transcript of the plea hearing in the record on appeal, we note that in the journal entry of judgment, the sentencing court found that Szczygiel freely and voluntarily pleaded guilty to the crime charged in the amended information.

In March 2010, Szczygiel moved to withdraw his guilty plea, and in June 2010, he moved to correct an illegal sentence. Following a nonevidentiary hearing, the district court denied both motions.

## ANALYSIS

### Motion to Withdraw Plea

In support of his assertion that the district court abused its discretion in refusing to permit him to withdraw his plea, Szczygiel contends: (1) The State violated the plea agreement when the Kansas Department of Corrections (KDOC) labeled him a sex offender; (2) the State failed to disclose exculpatory documents prior to the entry of his plea; and (3) he was denied effective assistance of counsel because his counsel failed to conduct discovery prior to the entry of his plea.

When a defendant files a motion to withdraw a plea after sentencing, the court may permit withdrawal of the plea only "[t]o correct manifest injustice." K.S.A. 2011 Supp. 22-3210(d)(2). Absent an abuse of discretion, we will not disturb a district court's denial of a postsentence motion to withdraw plea. *State v. Flores*, 292 Kan. 257, 258, 252 P.3d 570 (2011); see *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011) (stating abuse of discretion standard of review), *cert. denied* 132 S. Ct. 1594 (2012).

### Timeliness of Motion to Withdraw Plea

On appeal, Szczygiel challenges the district court's finding that his motion to withdraw his plea was untimely as it was filed beyond the 1-year period provided in K.S.A. 2011 Supp. 22-3210(e)(1). Because we hold that a 1-year grace period applies to preexisting

claims under that statute, we conclude the district court erred in finding the motion untimely.

The legislature amended K.S.A. 22-3210 in 2009 to require that a motion to withdraw plea be brought within 1 year of:

"(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States [S]upreme [C]ourt or issuance of such court's final order following the granting of such petition." K.S.A. 2011 Supp. 22-3210(e)(1).

However, the statute did not specify how it applies to preexisting claims.

Recently, in *State v. Benavides*, 46 Kan. App. 2d 563, Syl. ¶ 3, 263 P.3d 863 (2011), a panel of the Court of Appeals considered this issue and concluded the 1-year statute of limitations did not begin to run for preexisting claims until the date the amended statute became effective—April 16, 2009. See L. 2009, ch. 61, secs. 1, 5. We concur with *Benavides'* well-reasoned analysis and the panel's analogy to K.S.A. 60-1507 jurisprudence. See *Benavides*, 46 Kan. App. 2d at 566-568 (discussing *Hayes v. State*, 34 Kan. App. 2d 157, 115 P.3d 162 [2005], which applied a 1-year grace period to preexisting claims under K.S.A. 60-1507[f]).

Here, Szczygiel filed his motion to withdraw plea on March 10, 2010, within the 1-year grace period for preexisting claims. Therefore, we conclude Szczygiel timely filed his motion to withdraw his plea, and we move on to the merits of his appeal.

### Violation of Plea Agreement

Szczygiel claims he had no written plea agreement with the State, but that pursuant to an oral plea agreement, the State agreed not to label or treat him as a sex offender. He contends the State breached this agreement when the KDOC later served him with a sex offender override order and that the State's breach of the plea agreement entitles him to withdraw his plea.

Contrary to Szczygiel's assertion, the record on appeal includes a written plea agreement signed by Szczygiel. In that agreement, Szczygiel verified that no promises were made to him other than those stated in the agreement. Further, the agreement contains no

reference to the State's alleged promise not to label or treat Szczygiel as a sex offender. Therefore, we reject Szczygiel's claim that he was entitled to withdraw his plea on the ground that the State breached the plea agreement.

### Failure to Disclose Exculpatory Documents

Szczygiel next contends his plea was not knowingly or understandingly made because he was denied "the ability to make an accurate calculus of the evidence and facts of the case to determine whether the best option . . . was to go to trial or to enter into the plea agreement." He asserts his constitutional due process rights and his Kansas statutory discovery rights were violated by the State's failure to disclose to him prior to the entry of his plea the victim's (1) affidavit, (2) medical records from her physical examination following the rape, and (3) "[p]re-testimony interview transcription." Each of these items is considered separately below.

First, the record on appeal indicates the victim's affidavit was filed on September 9, 1980, but Szczygiel did not plead guilty until March 1981. Thus, we find no support for Szczygiel's claim that the State failed to provide the affidavit prior to his plea.

Second, regarding the medical records and interview transcript, Szczygiel appears to assert that these records constituted potential impeachment evidence and the government's failure to provide those records violated his due process rights. See *Brady v. Maryland,* 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). But even assuming Szczygiel can establish the materiality of these records, his constitutional claim fails because the government was not required to disclose material impeachment evidence prior to the plea. See *United States v. Ruiz,* 536 U.S. 622, 633, 122 S. Ct. 2450, 153 L. Ed. 2d 586 (2002) (The United States Constitution does not require the government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant.).

Szczygiel also asserts that the State violated its statutory duty to disclose the victim's medical records and interview transcript under K.S.A. 22-3212 (Ensley 1981), which governed discovery and inspection. But that statute does not support either of Szczygiel's

claims. Regarding the medical records, K.S.A. 22-3212(1) (Ensley 1981) required the prosecutor, upon request, to permit inspection and copying of the results or reports of physical or mental examinations. But Szczygiel's claim fails because the record does not indicate he ever requested the victim's medical records prior to the entry of his plea.

Further, the State would have been specifically prohibited from providing the victim's interview transcript under K.S.A. 22-3212(2) (Ensley 1981). That statute prohibited discovery or inspection of "reports, memoranda, or other internal government documents made by officers in connection with the investigation or prosecution of the case, or of statements made by state witnesses or prospective state witnesses (other than the defendant) except as may be provided by law." K.S.A. 22-3212(2) (Ensley 1981).

Thus, Szczygiel's claims of constitutional and statutory violations do not support his claim that his plea was not knowingly and understandingly made.

### Ineffective Assistance of Counsel

Next, Szczygiel contends he was denied effective assistance of counsel because his counsel failed to request or conduct discovery. "Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process. [Citations omitted.] During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.' *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)." *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376, 1384, 182 L. Ed. 2d 398 (2012).

To demonstrate manifest injustice that would warrant setting aside his plea based on ineffective assistance of counsel, Szczygiel must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, Szczygiel would not have pleaded guilty and would have insisted on going to trial. See *Hill v. Lockhart*, 474 U.S. 52, 57-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); *State v. Sanchez-Cazares*, 276 Kan. 451, 457-58, 78 P.3d 55 (2003).

Even if we assume his counsel's performance fell below an objective standard of reasonableness, Szczygiel fails to establish he was prejudiced by counsel's ineffective performance, *i.e.*, that there is a reasonable probability that, but for counsel's errors, Szczygiel would not have pleaded guilty and would have insisted on going to trial. See *Hill*, 474 U.S. at 59. In the context of Szczygiel's claim that counsel failed to investigate or discover potentially exculpatory evidence, our decision turns on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. See 474 U.S. at 59.

While Szczygiel insists he would not have pleaded guilty had he been aware of the contents of the victim's affidavit, medical records, and pre-testimony interview transcript, Szczygiel's argument conveniently ignores the risks associated with trial. See *Sanchez-Cazares*, 276 Kan. at 458. Had he proceeded to trial, Szczygiel would have faced charges of rape, burglary, and aggravated kidnapping with intent to commit rape instead of one charge of kidnapping with the intent to facilitate flight.

Moreover, Szczygiel concedes his attorney advised him to enter into a plea agreement because "there was no evidence to support Szczygiel's claim of innocence and that the case would be decided on the credibility of the witness [J.B.] versus Szczygiel." But, the medical records and pre-testimony interview transcript ultimately do not appear to support Szczygiel's claim of innocence. Thus, we conclude any potential error by counsel in failing to request discovery did not prejudice Szczygiel.

*Motion to Correct Illegal Sentence*

Szczygiel next contends the district court erred in dismissing his claim that his sentence is illegal because it fails to conform to K.S.A. 21-4606(2) (Ensley 1981). Specifically, he suggests the victim's perjured preliminary hearing testimony misled the sentencing court "as to the factual evidence relied on to establish the factors required by K.S.A. 21-4606" to impose a life sentence.

Whether a sentence is illegal is a question of law over which we exercise unlimited review. *State v. LaBelle*, 290 Kan. 529, 532, 231 P.3d 1065 (2010).

" 'An illegal sentence is a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in character or the term of the punishment authorized, or a sentence which is ambiguous with regard to the time and manner in which it is to be served.' " 290 Kan. 529, Syl. ¶ 1.

K.S.A. 21-4606(2)(b) (Ensley 1981) directed the sentencing court to consider, as one of seven noncontrolling factors, the extent of the harm caused by the defendant's criminal conduct, when fixing the minimum term of imprisonment. Szczygiel argues his sentence did not conform to this statutory provision. Specifically, he maintains the sentencing court improperly considered perjured testimony in determining the extent of the harm caused by his criminal conduct.

But because Szczygiel does not argue that his sentence did not conform to the statutory provision in character or the term of the punishment authorized, his challenge to the legality of his sentence is fatally flawed. See *LaBelle*, 290 Kan. 529, Syl. ¶ 1. The district court properly denied Szczygiel's motion to correct an illegal sentence.

Affirmed.