NOT DESIGNATED FOR PUBLICATION

No. 123,212

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RAFAEL L. FLORES,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ford District Court; LAURA H. LEWIS, judge. Opinion filed September 17, 2021. Affirmed in part, sentence vacated in part, and case remanded with directions.

*Peter J. Antosh*, of Garcia & Antosh, LLP, of Dodge City, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., ISHERWOOD, J., and MCANANY, S.J.

PER CURIAM: In October 1996, 14-year-old Rafael L. Flores fired several shots into a crowd, killing one person and wounding another. He pled no contest to first-degree felony murder and attempted voluntary manslaughter in July 1997. For the felony murder conviction, the district court sentenced him, as an adult, to a mandatory life sentence with parole eligibility after 15 years. For the attempted voluntary manslaughter charge, the district court sentenced him to the aggravated 34-month jail sentence, to run consecutive to his life sentence. The district court also imposed lifetime postrelease supervision. Flores appealed and the Kansas Supreme Court dismissed for lack of jurisdiction. Over 20 years later, Flores now challenges the legality of his convictions by filing a K.S.A. 60-

1

1507 motion. The district court summarily denied Flores' motion. Flores timely appeals. Because Flores fails to successfully argue an extension of the one-year statute of limitations will prevent manifest injustice, the summary denial of his motion is affirmed. And because this court may raise an illegal sentence issue sua sponte, we vacate the lifetime postrelease supervision provision of Flores' sentence.

FACTUAL AND PROCEDURAL BACKGROUND

In July 1997, Flores pled no contest to first-degree felony murder, an off-grid person felony, and attempted voluntary manslaughter for crimes he committed as a juvenile in October 1996. In October 1997, the district court sentenced Flores as an adult to a life sentence with parole eligibility after 15 years with a consecutive 34-month prison sentence. The district court also ordered lifetime postrelease supervision.

Flores has filed many appeals in conjunction with his case: *State v. Flores*, 268 Kan. 657, 999 P.2d 919 (2000) (challenged sentence and court dismissed for lack of jurisdiction to review a "presumptive sentence"); *State v. Flores*, 283 Kan. 380, 153 P.3d 506 (2007) (motion to correct illegal sentence); *State v. Flores*, 292 Kan. 257, 252 P.3d 570 (2011) (motion for withdrawal of plea); and *Flores v. State*, No. 120,711 (order dated March 28, 2019) (unpublished) (dismissal of writ of habeas corpus under K.S.A. 60-1501).

Flores filed a K.S.A. 60-1507 motion in December 2019, 19 years after his case became final. Flores' K.S.A. 60-1507 motion, liberally construed, raised two issues: (1) in *State v. Ross*, 295 Kan. 1126, 289 P.3d 76 (2012), the Kansas Supreme Court overruled the mechanism which allowed for the dismissal of Flores' direct appeal, rendering that dismissal erroneous; and (2) Flores' mandatory life sentence, imposed when he was a juvenile, is unconstitutional. In trying to provide an adequate legal foundation for his claims, Flores directed the court to various decisions from both the

United States and Kansas Supreme Courts, the statutory right to appeal under Kansas law, and the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. In his argument to extend the one-year statute of limitations, Flores argued that the relevant legal authority was unavailable to him at the time of his direct appeal and that extension of the time limit would prevent a manifest injustice.

The district court summarily denied Flores' motion and outlined its findings in a written order. It first found that manifest injustice would not occur if it declined to extend the one-year statute of limitations for Flores to bring his motion. The court observed that Flores had appealed to the Kansas Supreme Court on three separate occasions. Therefore, he had ample opportunity to raise all issues of which he was aware or should have been aware.

The court also touched upon the merits of Flores' issues. It found that the cases he cited as relevant to his claims were so factually distinguishable from his case that they did not control its resolution. The court specifically stated that *Ross* was inapplicable because it analyzed whether an illegal sentence arose when a sentencing court failed to impose a defined duration of postrelease supervision, a matter not at issue in Flores' case. The judge determined she was unable to sufficiently address Flores' broad references to his Fifth, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution because he failed to specify a particular point or set forth any evidence for the court to review.

Flores timely appeals.

ANALYSIS

*Summary Denial of Flores' K.S.A. 60-1507 Motion was Appropriate.*

On appeal, Flores argues that the district court erred in concluding that: (1) the cited caselaw was inapplicable to his case; (2) his motion was time-barred; (3) Flores' arguments were precluded by waiver or res judicata; and (4) his arguments lacked sufficient specificity. The State argues Flores' motion is both time-barred and successive. It forgoes analysis on those assertions, however, and substantively, stands solely on its assertion that Flores' motion fails on the merits.

*Standard of Review and Basic Legal Principles*

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2020 Supp. 60-1507(b); Supreme Court Rule 183(g) (2021 Kan. S. Ct. R. 239).

A district court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

4

The standard of review turns on which of these options a district court used. *White*, 308 Kan. at 504. When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

To avoid summary denial of his or her motion, a movant bears the burden of establishing that an evidentiary hearing is warranted. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or that basis must be evident from the record. If a movant succeeds in making such a showing, the court must hold a hearing unless the motion is a "'second'" or "'successive'" motion seeking similar relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014) (quoting *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 [2011]); see also *Littlejohn v. State*, 310 Kan. 439, Syl., 447 P.3d 375 (2019) ("An inmate filing a second or successive motion under K.S.A. 60-1507 must show exceptional circumstances to avoid having the motion dismissed as an abuse of remedy.").

In order for a K.S.A. 60-1507 motion to be considered timely filed, the movant must file the motion within one year of either (1) "the final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction"; or (2) "the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition." K.S.A. 2020 Supp. 60-1507(f)(1). The district court may extend the one-year time limitation for bringing an action under K.S.A. 2020 Supp. 60-1507(f)(1) only to prevent manifest injustice. K.S.A. 2020 Supp. 60-1507(f)(2). A movant who files a motion outside the one-year time limitation and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

5

Courts are to dismiss a motion as untimely filed if, after inspection of the motion, files, and records of the case, the court determines that the time limitations have been exceeded and that dismissing the motion would not result in manifest injustice. K.S.A. 2020 Supp. 60-1507(f)(3).

When a motion to vacate, set aside, or correct a sentence presents a substantial question of law or triable issue of fact, it triggers the second option, and the court must appoint counsel to represent an indigent movant. Rule 183(i). Pro se pleadings are liberally construed. *State v. Andrews*, 228 Kan. 368, 370, 614 P.2d 447 (1980). But a pro se movant still bears the burden to allege facts sufficient to warrant a hearing and "mere conclusions of the defendant or movant are not sufficient to raise a substantial issue of fact when no factual basis is alleged or appears from the record." *State v. Jackson*, 255 Kan. 455, 463, 874 P.2d 1138 (1994).

*Preservation*

On appeal, Flores does not argue that *Ross* was an intervening change in the law to warrant extending the one-year time limit to prevent manifest injustice. Issues not briefed by the appellant or merely raised incidentally in a brief and not argued are considered waived and abandoned. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013). And "failure to support an argument with pertinent authority or to show why the argument is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue." *State v. Tague*, 296 Kan. 993, 1001, 298 P.3d 273 (2013). Although pro se petitions and briefs are liberally construed, pro se litigants "cannot be given either an advantage or a disadvantage solely because of proceeding pro se." *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 596, 730 P.2d 1109 (1986).

*Flores' K.S.A. 60-1507 Motion*

*Manifest Injustice*

Although the district court may extend the one-year time limit for a defendant to file a K.S.A. 60-1507 motion, it may only do so upon a sufficient showing that manifest injustice will occur without an extension. K.S.A. 2020 Supp. 60-1507(f)(2). "In the context of a habeas corpus proceeding, 'manifest injustice' means '"obviously unfair"' or '"shocking to the conscience."' [Citations omitted.]" *Thuko v. State*, 310 Kan. 74, 81, 444 P.3d 927 (2019). In deciding whether to extend the time limit to prevent manifest injustice, the district court should focus on why the movant failed to file the motion within the one-year time limitation. See *Steele v. State*, No. 122,754, 2021 WL 2386026, at *3 (Kan. App. 2021) (unpublished opinion); see also K.S.A. 2020 Supp. 60-1507(f)(2)(A). Kansas courts will affirm a summary denial on these grounds if the movant fails "to cite any facts supporting his bald assertion of manifest injustice." *State v. Gilbert*, 299 Kan. 797, 803, 326 P.3d 1060 (2014) (citing *State v. Holt*, 298 Kan. 469, 481, 313 P.3d 826 [2013]).

*Application*

In its summary denial, the district court found that manifest injustice would not result if it declined to extend the one-year time limit. The court referenced Flores' previous appeals to the Kansas Supreme Court, and stated Flores had a chance to raise all issues he knew or should have known about when he pursued those appeals. But K.S.A. 2020 Supp. 60-1507(f)(2)(A) limits the court's inquiry to only determining *why* the movant failed to file within the one-year time limit. That said, even liberally construed, Flores' petition did not establish that he was entitled to the extension.

In his motion, Flores argued that he missed the one-year statute of limitations because the legal authority he relied on did not come to fruition until many years after his

7

direct appeal. But the district court sentenced Flores to life with parole eligibility after 15 years. The United States Supreme Court and Kansas appellate court cases Flores relied on analyze issues where the young defendants were sentenced to: (1) life without the possibility of parole; (2) mandatory lifetime postrelease supervision for juveniles committing sex offenses; and (3) death. See *Montgomery v. Louisiana*, 577 U.S. 190, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016); *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012); *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010); *Roper v. Simmons*, 543 U.S. 551, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005); *State v. Dull*, 302 Kan. 32, 351 P.3d 641 (2015); *State v. Medina*, 53 Kan. App. 2d 89, 384 P.3d 26 (2016). There is currently no precedent that a lifetime sentence with parole eligibility after 15 years violates the Eighth Amendment, or at least not any which Flores' included in his motion. As a result, Flores' reliance on the above referenced cases is unpersuasive.

Because Flores cannot establish that the court erred in failing to find there was a distinct possibility that manifest injustice would occur without an extension of the one-year statute of limitations, the district court's summary denial of his motion is affirmed.

*Illegal Sentence*

Whether a sentence is illegal under K.S.A. 2020 Supp. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). A sentence is illegal under K.S.A. 2020 Supp. 22-3504 when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019). This court may correct an illegal sentence sua sponte. *State v. Gilliland*, 294 Kan. 519, 552, 276 P.3d 165 (2012); see also K.S.A. 2020 Supp. 22-3504 ("The court may correct an illegal sentence at any time.").

8

The district court addressed Flores' argument which cited *Ross*, but it found that *Ross* was inapplicable because the Kansas Supreme Court "held that it was an illegal sentence to order a *defined duration* of post-release supervision for an off-grid felony. (*Emphasis added.*)" This misconstrues the *Ross* holding. Although the decision discussed "defined" postrelease supervision terms, what the *Ross* court intended to clarify is that "where a defendant is being sentenced for both off-grid and on-grid crimes, the [district] court only has authority to impose the supervision period associated with the off-grid crime. In other words, a court must impose life parole." *Ross*, 295 Kan. at 1131. That circumstance also was not present in Flores' case. So, while *Ross* was not, in fact, applicable to Flores' case, it was not for the reason cited by the district court. That does not lead to a benefit to Flores, however. Kansas recognizes the "right for any reason rule," which provides that when a judgment is correct for any reason shown by the record, it should be affirmed even if the district court's reasoning is wrong. See *Bergstrom v. Noah*, 266 Kan. 847, 875-76, 974 P.2d 531 (1999). The district court's decision is affirmed.

But the district court also missed a separate point. Flores was sentenced to mandatory life imprisonment for the off-grid crime of felony murder. In its written journal entry of judgment, the sentencing court noted Flores would be eligible for parole after serving 15 years and that he was also subject to lifetime postrelease supervision. This is not accurate. See *State v. Fraire*, 312 Kan. 786, 481 P.3d 129 (2021); *State v. Rogers*, 297 Kan. 83, 93, 298 P.3d 325 (2013).

Under K.S.A. 1996 Supp. 22-3717(b)(2), "an inmate sentenced to imprisonment for an off-grid offense committed on or after July 1, 1993, shall be eligible for parole after serving 15 years of confinement, without deduction of any good time credits." In contrast, under K.S.A. 1996 Supp. 22-3717(d)(1), "Persons sentenced for crimes, *other than off-grid crimes*, committed on or after July 1, 1993, will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of

9

the prison portion of their sentence." (Emphasis added.) In *State v. Ballard*, 289 Kan. 1000, 1014, 218 P.3d 432 (2009), the Kansas Supreme Court explained the statutory distinction between parole and postrelease supervision:

> "The term 'parole' generally means 'the release of a prisoner to the community by the Kansas parole board prior to the expiration of such prisoner's term.' Thus, 'parole' is a term of art that is limited to off-grid crimes. . . . By contrast, the term 'postrelease supervision' generally means 'release of a prisoner to the community after having served a period of imprisonment or equivalent time served in a facility where credit for time served is awarded as set forth by the court, subject to conditions imposed by the Kansas parole board and to the secretary of correction's supervision.' This term has traditionally been applied to only grid crimes. [Citations omitted.]"

An inmate serving an off-grid indeterminate life sentence can leave prison only when the Kansas Parole Board grants parole. Thus, a sentencing court has no authority to order postrelease supervision for an off-grid indeterminate life sentence. *Cash*, 293 Kan. at 330-31. Because an appellate court may correct an illegal sentence at any time, we vacate the provision requiring Flores to serve lifetime postrelease supervision and remand with an order to correct Flores' journal entry, through a nunc pro tunc order, to reflect the imposition of parole upon release.

Affirmed in part, sentence vacated in part, and case remanded with directions.