IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 122,773

STATE OF KANSAS,
*Appellee*,

v.

DUSTIN TYLER SMITH,
*Appellant*.

SYLLABUS BY THE COURT

1.

The allowable time to file a motion to withdraw plea is limited by K.S.A. 2020 Supp. 22-3210(e).

2.

Before the court can consider the merits of a motion to withdraw plea once the statutory time limitation has passed, the defendant must make an additional, affirmative showing of excusable neglect as to why his motion is late.

3.

Excusable neglect must be established on a case-by-case basis; neglect is not excusable unless there is some justification for an error beyond mere carelessness or ignorance of the law on the part of the litigant or his attorney.

Appeal from McPherson District Court; JOE DICKINSON and JOHN B. KLENDA, judges. Opinion filed March 4, 2022. Affirmed.

*David L. Miller*, of Wichita, and *Jacob A. Crane,* of Jacob A. Crane Law, LLC, of Wichita, were on the briefs for appellant.

*Michael J. Duenes*, assistant solicitor general, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

WILSON, J.:  This is an appeal by Dustin Tyler Smith of the district court's denial of his motion to withdraw plea filed roughly seven years after he was convicted of first-degree murder on a plea of no contest. The district court, without an evidentiary hearing, ruled that Smith's motion to withdraw plea was late and that he had failed to make an affirmative showing of excusable neglect to extend the time to file the motion. Smith now requests that this court send his case back to the district court to have an evidentiary hearing to determine excusable neglect. We affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

*1. Preliminary matter concerning the record on appeal*

We first address the unusual record on appeal. There is no transcript of Smith's plea hearing or sentencing hearing before the district court. While this case was already pending before this court, Smith filed a motion for a stay of his brief due date and requested a remand to the district court to recreate the record of the plea hearing and sentencing hearing pursuant to Supreme Court Rule 3.04 (2019 Kan. S. Ct. R. 23). We granted the motion and remanded the case to the district court for further proceedings to complete the record but retained jurisdiction over the appeal.

2

On October 29, 2020, Smith filed a status report with this court which stated that a joint affidavit recreating the necessary records had been filed with the district court on October 9, 2020. The report was filed after Smith's deadline to object to or amend the affidavit had expired, indicating at least passive acquiescence to the recreated record. That affidavit is included in the record on appeal.

This court issued an order noting Smith's status report and stating that the "affidavit should now be a part of the record on appeal. See Rule 3.04(a) (obligating clerk of the district court to include in record on appeal any settled and approved statement entered under that rule)."

In his brief and reply brief, Smith (now represented by different appellate counsel) argues that the recreated record does not comply with the rules because it was not served on all parties, and it was not "settled and approved" by the district court. But the certificate of service filed with the affidavit shows that it *was* served on all parties. And this court's order—and the plain language of the rule—indicates an understanding that it was settled and approved prior to being included in the record. Smith offers no evidence to the contrary.

Smith's argument is not persuasive. The affidavit is held to be a valid part of the record, carrying the same weight as would an official transcript of the plea and sentencing hearings.

*2. The plea*

On March 5, 2012, Smith entered a plea of no contest to first-degree murder. After an extended discussion with Smith and his attorney, the district court accepted Smith's plea and found Smith guilty based on that plea.

At Smith's sentencing on May 7, 2012, the district court imposed a sentence of life in prison without the possibility of parole for a minimum of 20 years. The district court advised Smith regarding his right to appeal and his obligation to register as an offender.

*3. The motion to withdraw plea*

On July 1, 2019, Smith filed a pro se motion to withdraw plea pursuant to K.S.A. 2019 Supp. 22-3210. On January 31, 2020, the district court held a non-evidentiary hearing on the motion to withdraw. Using only the available record and the docket notes of the district court judge who presided over the plea hearing and sentencing, the court found that Smith had not made an affirmative showing of excusable neglect—a prerequisite for accepting his late motion to withdraw plea—and denied his motion. It is from that denial that Smith now appeals.

ANALYSIS

*1. Standard of review*

When a motion to withdraw plea is summarily denied by the district court without an evidentiary hearing, this court applies a de novo review. This is because the appellate court has all the same access to the records, files, and motion as the district court. So, like the district court, it must determine whether the records, files, and defendant's motion conclusively show that he is entitled to no relief. *State v. Moses*, 296 Kan. 1126, 1127-28, 297 P.3d 1174 (2013). In this case, we are further aided by the completion of the recreated record, a benefit the district court did not have.

4

*2. Timeliness of the motion*

Smith must affirmatively show that his motion to withdraw plea is timely before we will consider the motion's merits. A late filing is timely only if the delay results from excusable neglect. K.S.A. 2020 Supp. 22-3210(e); *State v. Davis*, 313 Kan. 244, 247-48, 485 P.3d 174 (2021) (excusable neglect must be established for late filing so as to extend the time limitation, before merits of request are considered).

Pursuant to K.S.A. 2020 Supp. 22-3210(e)(1), a post-sentence motion to withdraw plea must be filed no more than one year after the latest of two specifically delineated events. The first event is either the date of the final order on direct appeal or the date appellate jurisdiction terminates, whichever is later. There was no direct appeal here, so the first event was the date appellate jurisdiction terminated. When there is no appeal, appellate jurisdiction terminates 14 days after sentencing. See K.S.A. 2020 Supp. 22-3608(c). Smith was sentenced on May 7, 2012, so appellate jurisdiction terminated on or about May 21, 2012.

The second event—which addresses petitions for United States Supreme Court review—does not apply. Thus, Smith's deadline to file a motion to withdraw plea was May 21, 2013. Smith filed his motion on July 1, 2019. On its face, Smith's motion is late.

There is an exception to this "one-year rule." The exception allows the one-year time limit to be extended if Smith can show that his delay in filing was due to excusable neglect. K.S.A. 2020 Supp. 22-3210(e)(2). That means Smith must affirmatively establish excusable neglect for failing to file his motion to set aside plea during the six-year interim between the statutory deadline and filing date, or else his motion to set aside plea is out of time and procedurally barred—regardless of the merits. *Davis*, 313 Kan. at 248.

5

*3. Excusable neglect*

Excusable neglect resists clear definition and must be determined on a case-by-case basis. *State v. Hill*, 311 Kan. 872, 878, 467 P.3d 473 (2020). First in the civil context—and again in criminal contexts—this court has noted that excusable neglect "implies something more than the unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind." *Montez v. Tonkawa Vill. Apartments*, 215 Kan. 59, 65, 523 P.2d 351 (1974); *State v. Davisson*, 303 Kan. 1062, 1069, 370 P.3d 423 (2016); *Hill*, 311 Kan. at 878; *State v. Ellington*, 314 Kan. 260, 262, 496 P.3d 536 (2021). Excusable neglect requires some justification for an error beyond mere carelessness or ignorance of the law on the part of the litigant or his attorney. *Davisson*, 303 Kan. at 1069.

Most of Smith's motion before the district court—and his brief before this court—is spent arguing the substantive merits of his motion, which would require a showing of manifest injustice, rather than asserting a basis for the prerequired excusable neglect for filing a late motion. See *Davis,* 313 Kan. at 248. He attempts to tie the two requirements together by stating "[t]he same issues . . . that support manifest injustice are also applicable here to support a finding of excusable neglect." But excusable neglect for missing the time limitation and manifest injustice if not allowed to withdraw his plea are different standards. Establishing manifest injustice does not necessarily establish an excuse for neglecting to file by the statutory deadline and vice versa.

> "Excusable neglect is a procedural standard that permits a defendant to seek to withdraw a plea out of time. Manifest injustice is the substantive standard used to determine whether a motion to withdraw a plea should be granted or denied. The procedural timeliness fork-in-the-road comes first along this particular analytical path. In other words, if a motion to withdraw a plea is filed outside the one-year time limitation,

6

courts must decide whether a defendant has shown excusable neglect before reaching the question of whether manifest injustice requires that a defendant be permitted to withdraw a plea." *Davis*, 313 Kan. at 248.

In summary, each of Smith's claims must first be considered through the narrow procedural lens of "excusable neglect." Only if Smith establishes such excusable neglect, and thus makes his motion timely filed, will we proceed to consider the motion's substantive merits.

Smith's claims all roughly fit under three categories: his mental competency, his trial counsel's tactics and performance, and his right to appeal.

*a. Mental capacity/competency*

First, Smith states that he should be allowed to withdraw his plea because his attorney was ineffective in that he failed to "conduct a thorough investigation into [Smith]'s mental disease or defect." He claims that had counsel done so, there is a reasonable probability that Smith would have been found incompetent and would not have pled no contest. Aside from the questionable correlation between those things and a succeeding span of seven years with no motion, Smith's assertion does not stand the test of the record. His claim is in *direct* contradiction to the fact that a motion to determine competency was filed by trial counsel. It was filed *after* an evaluation by a defense psychologist. It is clear that Smith's trial counsel *did* independently investigate Smith's mental health and competency to stand trial. Moreover, the record is clear that based on evidence which included two evaluations, Smith was found by the court to be competent at the time of his plea.

7

More to the point, however, Smith does not show what his alleged incompetency prior to entering the plea has to do with the succeeding span of seven years with no motion. Even if Smith could show that he was not competent at the time of the plea, it does not automatically show excusable neglect. While he does concede that at "some point" his mental health improved to the point of competency, he does not give a specific date or a specific change in his treatment. That is not enough to affirmatively show excusable neglect.

### b. *Trial counsel performance*

Smith makes additional claims that trial counsel was ineffective and pressured him to accept a plea deal. This has nothing to do with excusable neglect for not filing his motion earlier and simply argues the merits of his motion. Therefore, we are procedurally barred from addressing it.

### c. *Right to appeal*

The last umbrella under which Smith hopes to find excusable neglect is his right to appeal. He claims that trial counsel deprived him of his opportunity to appeal and his opportunity to withdraw his plea by failing to inform him of those rights and time limitations.

This claim is directly contradicted by the record. The record shows that trial counsel discussed Smith's right to appeal and how a plea would waive that right as evidenced by the signed advice form regarding pleas and negotiations that counsel reviewed with Smith. Further, the district court itself advised Smith about his right to appeal. Smith has not shown how this establishes excusable neglect for a delayed filing.

CONCLUSION

Smith's motion was not filed within the one-year statutory time limit, and he has not shown excusable neglect for his failure to do so, such that the time limit might be extended and his motion considered timely. Instead, he has attempted to form excusable neglect from his substantive arguments about manifest injustice. This he cannot do. Smith's motion to withdraw plea is untimely.

Affirmed.