NOT DESIGNATED FOR PUBLICATION

No. 124,154

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALFRED N. OBIERO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed January 27, 2023. Affirmed.

*Alfred Obiero*, appellant pro se.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HURST and COBLE, JJ.

PER CURIAM: Alfred N. Obiero appeals the district court's denial of his admittedly delayed postsentence motion to withdraw his plea as untimely, arguing that he demonstrated excusable neglect for the untimely filing. Having found no excusable neglect for Obiero's years-long tardiness, this court affirms the district court's denial of his motion to withdraw plea.

1

The material facts of this appeal are undisputed. In 2005, Obiero was convicted of two separate misdemeanor charges of driving under the influence (DUI), one of which was in Wichita Municipal Court. Obiero was again arrested for allegedly driving under the influence on July 11, 2006, and—based on his two previous DUI convictions—the State charged Obiero with felony DUI and two other misdemeanors related to his operation of the vehicle. Obiero, with representation from an appointed public defender, pled guilty to the felony DUI charge and the misdemeanor offenses of no proof of liability insurance and driving while a habitual violator. On October 25, 2007, the district court sentenced Obiero to 12 months' probation with an underlying jail term of 12 months. Later, Obiero admitted to violating the terms and conditions of his probation, and the district court revoked his probation and ordered him to serve the remainder of his underlying jail term.

Over a decade later, on May 4, 2020, Obiero filed a pro se motion to withdraw his 2007 guilty plea based upon the Kansas Supreme Court's decision in *State v. Gensler*, 308 Kan. 674, 423 P.3d 488 (2018). In *Gensler*, the Kansas Supreme Court held:

> "A prior municipal court conviction for driving under the influence (DUI) under a Wichita ordinance prohibiting operation of a vehicle under certain circumstances, when the element of 'vehicle' is defined more broadly than the 'vehicle' element in the state DUI statute, cannot be used to elevate a later violation of the state statute to a felony." 308 Kan. 674, Syl. ¶ 1.

Therefore, according to Obiero's motion to withdraw his plea, "the State improperly relied upon Defendant's 2005 Wichita Municipal Court DUI conviction for sentence enhancement purposes in the captioned case, which adversely led the Defendant to be convicted of felony DUI instead of class A misdemeanor." The relevant portions of the

parties' pleadings in the district court—which form the basis of this appeal—are discussed in the analysis section below.

In May 2020, the district court appointed counsel to represent Obiero in his motion to withdraw plea. Obiero did begin the process to dismiss his counsel and engage in self-representation, but it does not appear those motions were heard before the district court conducted a nonevidentiary preliminary hearing on Obiero's motion. On August 12, 2020, the district court conducted a hearing in which Obiero was not present, but his appointed counsel and the State presented arguments on his motion to withdraw plea. At the end of this preliminary hearing, the district court took the matter under advisement and explained that it would issue "a written order on whether I grant a hearing or if I deny the motion."

In its subsequent order denying Obiero's motion to withdraw plea as untimely, the district court explained:

"[Obiero] argues that the Gensler decision represents a change in the law and provides him with the requisite 'excusable neglect' necessary to extend the statutory time limitation. . . .

"[Obiero] waited twenty (20) months after the Gensler decision to file his motion. [Obiero] offers no explanation for the delay and fails to show excusable neglect. The motion to withdraw plea is denied as untimely."

Obiero timely appealed, and the district court granted his motion for appointment of appellate counsel. However, much like his attempt before the district court, Obiero filed a motion to remove his appellate counsel and proceed pro se, which this court granted. Obiero now proceeds pro se in this appeal.

3

Obiero's claim is straightforward—he entered a guilty plea to felony DUI in 2007 and now seeks to withdraw that plea based on a 2018 Kansas Supreme Court case that he believes renders his plea illegal. Obiero contends the district court wrongly dismissed his motion to withdraw plea as untimely without an evidentiary hearing.

The parties dispute the appropriate standard of review. The manner in which the district court decided Obiero's postsentence motion to withdraw plea dictates this court's standard of review. When the district court conducts an evidentiary hearing prior to ruling on the motion, this court reviews the district court's decision for an abuse of discretion. *State v. Hutto*, 313 Kan. 741, Syl. ¶ 1, 490 P.3d 43 (2021) ("Appellate courts generally review a district court's decision to deny a postsentencing motion to withdraw a guilty or no contest plea for abuse of discretion."); *State v. Shields*, 315 Kan. 131, 139, 504 P.3d 1061 (2022) ("A district court's decision to deny a postsentencing plea withdrawal motion is reviewed for an abuse of discretion.").

However, when the district court summarily denies a postsentence motion to withdraw plea without granting an evidentiary hearing, this court exercises de novo review "because the appellate court has all the same access to the records, files, and motion as the district court." *State v. Smith*, 315 Kan. 124, 126, 505 P.3d 350 (2022).

Here, the district court ruled on Obiero's motion without granting an evidentiary hearing. Accordingly, this court exercises de novo review to "determine whether the records, files, and defendant's motion conclusively show that he is entitled to no relief." *Smith*, 315 Kan. at 126.

A court may set aside a conviction and permit the defendant to withdraw a plea after sentencing only "[t]o correct manifest injustice." K.S.A. 2021 Supp. 22-3210(d)(2).

However, the defendant seeking to correct such manifest injustice must still meet the procedural requirements of such a motion—which include timeliness. Any postsentence motion to withdraw a plea must be brought

> "within one year of: (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2021 Supp. 22-3210(e)(1).

And the court can only extend that deadline "upon an additional, affirmative showing of *excusable neglect* by the defendant." (Emphasis added.) K.S.A. 2021 Supp. 22-3210(e)(2). Thus, Obiero must overcome this threshold barrier of demonstrating excusable neglect for his delayed filing before the court will address his substantive argument.

*Obiero's postsentence motion to withdraw plea was untimely.*

Obiero conceded to the district court—and on appeal—that his motion to withdraw plea was untimely. Obiero was required to file his postsentence motion to withdraw plea within one year of the termination of appellate jurisdiction. See K.S.A. 2021 Supp. 22-3210(e)(1). The district court sentenced Obiero in October 2007, and his time to file a notice of appeal expired 14 days later. However, the 1-year limitation period at issue here was not effective until April 16, 2009, and the Kansas Supreme Court has consistently held that "[t]he one-year statute of limitations for moving to withdraw a plea in K.S.A. 2019 Supp. 22-3210(e)(1) begins to run for preexisting claims on the date the amended statute became effective, April 16, 2009." *State v. Hill*, 311 Kan. 872, Syl. ¶ 2, 467 P.3d 473 (2020); see *State v. Fox*, 310 Kan. 939, Syl. ¶ 1, 453 P.3d 329 (2019). The parties agree, therefore, that the 1-year statute of limitations for Obiero to file his

5

postsentence motion to withdraw plea expired on April 16, 2010, more than 10 years before he filed the motion forming the basis for this appeal. Accordingly, as Obiero concedes, his motion was untimely.

Having established that Obiero filed his postsentence motion to withdraw plea after the one-year timeline, he must establish excusable neglect for that delay before the court will consider his substantive argument. See K.S.A. 2021 Supp. 22-3210(e)(2); *Hill*, 311 Kan. 872, Syl. ¶ 2 ("A motion filed after the statute of limitations has expired may be granted only if the movant establishes excusable neglect.").

*Obiero failed to show excusable neglect for his untimely filing.*

The district court found that Obiero failed to make the affirmative showing that his delay was excusable. "[N]eglect is not excusable unless there is some justification for an error beyond mere carelessness or ignorance of the law on the part of the litigant or his attorney." *Smith*, 315 Kan. 124, Syl. ¶ 3. Obiero was required to show more than "'the unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind,'" and that does not include his mere ignorance of the law. See *Smith*, 315 Kan. at 353 (quoting *Montez v. Tonkawa Vill. Apartments*, 215 Kan. 59, 65, 523 P.2d 351 [1974]); *State v. Davisson*, 303 Kan. 1062, 1068, 370 P.3d 423 (2016) ("[I]gnorance of the law should not constitute excusable neglect for inmates or criminal defendants under K.S.A. 2015 Supp. 22-3210(e)(2).").

Obiero was required to demonstrate this excusable neglect to the district court through his motion. "A movant must allege *in a plea withdrawal motion itself* sufficient grounds for relief, *including the existence of excusable neglect when the motion is filed beyond the one-year time limit*." (Emphasis added.) *State v. Louis*, 59 Kan. App. 2d 14, Syl. ¶ 4, 476 P.3d 837 (2020). The district court may summarily deny a postsentence

motion to withdraw plea as untimely when the defendant fails to make a showing of excusable neglect. 59 Kan. App. 2d at 19-20.

Obiero's only reason for excusable neglect is the alleged change in law resulting from *Gensler*. In his motion to withdraw plea, Obiero explained:

"*Gensler* reflects a change in the law that could furnish manifest injustice to withdraw the plea by excusable neglect because it exposes the blatant unfairness of the underlying adjudicatory process and the direct legal consequences of the plea.

". . . Defendant prays this Court will forgive his failure to execute this action at the proper time not because of his own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident, to wit: incorrect application of the law by the State and sentencing court."

As the district court accurately noted, the Kansas Supreme Court issued its decision in *Gensler* on August 10, 2018—but Obiero filed his motion to withdraw plea in May 2020—almost 2 years later. Therefore, even assuming this court would agree with Obiero that *Gensler* represents a change in law excusing his delayed filing, Obiero filed his motion to withdraw plea more than a year after the event that arguably created the excusable neglect. *Even if* the one-year statute of limitations began to run again when *Gensler* was decided, Obiero's motion was still untimely. And, as the district court further observed, Obiero's motion offered no explanation for his delayed filing from when *Gensler* was decided. Obiero failed to meet his burden of making an additional, affirmative showing of excusable neglect in his untimely postsentence motion to withdraw plea.

CONCLUSION

The district court did not err in finding that Obiero failed to establish excusable neglect to permit his untimely filing. The district court's summary denial of Obiero's postsentence motion to withdraw plea as untimely is therefore affirmed.

Affirmed.