NOT DESIGNATED FOR PUBLICATION

No. 125,302

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM LOGGINS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed June 7, 2024. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., WARNER and PICKERING, JJ.

PER CURIAM: William Loggins Jr. appeals the district court's dismissal of his motion to withdraw a plea from a 1981 conviction for aggravated burglary. The district court found that Loggins' motion, which he filed in 2021, was untimely and that Loggins had not shown that his late filing was due to excusable neglect. We affirm the district court's decision.

1

FACTUAL AND PROCEDURAL BACKGROUND

Loggins pleaded guilty in 1981 to aggravated burglary, which at the time was a class C felony. The district court sentenced Loggins to 1 to 20 years' imprisonment for this offense. About five months after his sentence was imposed, the district court granted Loggins' motion to modify his sentence and placed him on probation for two years. Loggins' probation term expired in July 1983.

In 2021—nearly 40 years later—Loggins filed a pro se motion seeking to withdraw his 1981 plea to aggravated burglary. Loggins explained that he would not have entered a guilty plea if he had been advised that when the Kansas Sentencing Guidelines Act would go into effect over a decade later on July 1, 1993, the Guidelines would reclassify the aggravated burglary as a person felony. See K.S.A. 21-4701 et seq.; K.S.A. 21-5807 (classifying aggravated burglary as a person felony).

Loggins' assertion requires some context. When the Guidelines went into effect in 1993, they classified Loggins' previous aggravated-burglary conviction as a person felony for criminal-history purposes. Even though Loggins had completed his sentence in the 1981 case, this classification affected him because he was later convicted of several new crimes—aggravated kidnapping, aggravated robbery, aggravated burglary, burglary, and theft—in 1999 and 2000. When sentencing him in those cases, the district court considered Loggins' 1981 conviction for aggravated burglary, now classified as a person felony, to determine his criminal history. The court then sentenced Loggins to a controlling 713-month prison term, which was a longer term than it would have been if the 1981 aggravated-burglary conviction had been classified differently.

Loggins' motion to withdraw his plea asserted that the Guidelines' reclassification of aggravated burglary from a class C felony to a person felony violated his right to due process as well as other constitutional principles. He asked the district court either to rule

2

that aggravated burglary could not be classified as a person felony in his criminal history or, alternatively, to allow him to withdraw his plea to the 1981 crime.

The district court summarily denied Loggins' motion. The court found that Loggins' motion to withdraw his plea was filed well outside the time frame permitted by Kansas statutes and that Loggins had not provided *any* reason—let alone any excusable reason—for his delay. The court also found that it is well settled that Kansas law allows a pre-Guidelines conviction to be scored as a person felony for criminal history purposes. And the court noted that Loggins had raised the same argument about the classification of this 1981 conviction in a K.S.A. 60-1507 motion filed in his 1999 and 2000 cases; the district court denied Loggins' motion in that case, and we affirmed that decision on appeal. *State v. Loggins*, No. 113,640, 2016 WL 368111 (Kan. App. 2016) (unpublished opinion). Loggins appeals.

DISCUSSION

Before sentencing, a person may withdraw a guilty plea by demonstrating good cause for their request. K.S.A. 22-3210(d)(1). But an elevated standard applies after sentencing; a person wishing to withdraw a plea must then show that manifest injustice would result if the plea remained in place. K.S.A. 22-3210(d)(2). In either event, the person seeking to withdraw a plea bears the burden of persuading the court that they are entitled to relief. *State v. Adams*, 311 Kan. 569, 574, 465 P.3d 176 (2020).

Motions to withdraw pleas filed after sentencing must comply with certain timing requirements. In 2009, the Kansas Legislature amended K.S.A. 22-3210 to require that these postsentence motions be filed within one year after the conclusion of the movant's direct appeal. L. 2009, ch. 61, § 1, now codified as K.S.A. 22-3210(e)(1). The Kansas Supreme Court later found that people like Loggins, who had entered pleas before 2009, had a one-year grace period from the effective date of that provision—or until April 16,

3

2010—to file any requests to withdraw their pleas. *State v. Szczygiel*, 294 Kan. 642, 644, 279 P.3d 700 (2012). After that date, any motions to withdraw pleas from earlier convictions would be untimely under the statute. See 294 Kan. at 644.

After K.S.A. 22-3210(e)(1)'s statutory deadline has passed, a court can only consider a motion to withdraw a plea if the defendant makes "an additional, affirmative showing of excusable neglect" to justify the late filing. K.S.A. 22-3210(e)(2); see *State v. Moses*, 296 Kan. 1126, 1128, 297 P.3d 1174 (2013). A court faced with an untimely motion "'must decide whether a defendant has shown excusable neglect before reaching the question of whether manifest injustice requires that a defendant be permitted to withdraw a plea.'" *State v. Smith*, 315 Kan. 124, 128, 505 P.3d 350 (2022) (quoting *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 [2021]). In other words, a court will not address whether a plea should be withdrawn due to manifest injustice if a defendant does not clear the first hurdle of establishing why the motion was filed out of time under K.S.A. 22-3210(e)(1).

Excusable neglect is "something more than unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind." *State v. Gonzalez*, 56 Kan. App. 2d 1225, Syl. ¶ 2, 444 P.3d 362 (2019), *rev. denied* 311 Kan. 1048 (2020). Put more practically, a person attempting to show excusable neglect must provide some justification for the delay "beyond mere carelessness or ignorance of the law on the part of the litigant or his or her attorney." 56 Kan. App. 2d 1225, Syl. ¶ 2.

There is no question that Loggins filed his motion well outside the statutory deadline. See K.S.A. 22-3210(e)(1). Because his plea occurred before the 2009 amendments to that statute, he had until April 2010 to file a timely request to withdraw his plea. See *Szczygiel*, 294 Kan. at 644. He filed his motion in 2021—more than a decade outside the statutory time frame. Loggins must therefore show that his late filing was the result of excusable neglect. This means, at a minimum, he must explain the

4

reasons for his delay in filing his motion and show why those reasons justify considering his motion outside the statutory time frame.

Loggins does not make this showing. His motion did not acknowledge that his request was out of time and did not explicitly explain why his delay filing was due to excusable neglect. Although his motion asked the district court to consider his request because of the significant upheaval that courts and litigants experienced during the COVID-19 pandemic, this is not sufficient to excuse his delay.

Loggins notes that the COVID-19 pandemic changed access to the court system in several ways, including some court closings, staff shortages, and the closing of the law library otherwise accessible to him. But while it is possible that Loggins suffered some delays during the COVID-19 pandemic, the pandemic alone does not explain why Loggins waited 11 years to seek this relief. Kansas courts began to restrict or change court procedures as a result of the pandemic in March 2020—almost 10 years after Loggins' deadline to file a timely motion to withdraw his plea. See Kansas Supreme Court Administrative Order 2020-PR-016, effective March 18, 2020. Thus, inconveniences that occurred during the pandemic do not explain why his motion was untimely filed.

In his appeal, Loggins offers no further explanation for his delay. In fact, he does not acknowledge that his motion was filed out of time. See *State v. Moore*, 311 Kan. 1019, 1036, 469 P.3d 648 (2020) (arguments not briefed are generally deemed waived or abandoned). This absence of explanation is especially glaring because, as the district court noted in its dismissal, Loggins unsuccessfully argued these same sentencing issues in 2014 in a K.S.A. 60-1507 motion relating to the crimes he committed in 1999 and 2000. He offers no reason why he could not have sought to withdraw the plea in this case at that time or before. Instead, it appears he is attempting to improperly relitigate that question here. See *State v. Bailey*, 315 Kan. 794, 800, 510 P.3d 1160 (2022) (person

requesting relief generally has "'one opportunity for argument and decision of the matter at issue'").

Loggins has not established that his delay in filing his motion to withdraw his plea should be excused and that the motion should be considered. Thus, his motion is barred by K.S.A. 22-3210(e). The district court did not err when it summarily dismissed his motion.

Affirmed.